# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

RADLEY BRADFORD,

   Plaintiff,

v.

RESURGENT CAPITAL SERVICES, INC.,

   Defendant.

Case No. 4:21-cv-01053

## COMPLAINT

**NOW COMES** RADLEY BRADFORD, through undersigned counsel, complaining of RESURGENT CAPITAL SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in the Southern District of Texas is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## PARTIES

5. RADLEY BRADFORD ("Plaintiff") is a natural person whom at all times relevant

1

resided in Houston, Texas.

6.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

7.  RESURGENT CAPITAL SERVICES, INC. ("Defendant") is a corporation specializing in the practice of debt collection in various states.

8.  Defendant maintains its principal place of business at 55 Beattie Place, #110, Greenville, South Caroline 29601.

9.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Texas that are owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

11. On or about December 31, 2020, Defendant sent a letter to Plaintiff stating that Plaintiff's Sam's Club ® Personal Credit debt in the amount of $1,317.09 ("subject debt") was sold to Defendant.

12. In an attempt to resolve the issue, Plaintiff placed a phone call to Defendant on January 14, 2021.

13. Plaintiff was directed to an automated system, which could not find an account for him under his social security number of his phone number.

14. At that point, Plaintiff was transferred to Defendant's representative, Sydney ("Sydney").

15. After verifying Plaintiff's identity, Sydney never advised Plaintiff of the mini-

Miranda warning required by 15 U.S.C. 1692e(11).

16. Plaintiff advised Defendant that he was represented by counsel, to which Sydney replied that Defendant already had Plaintiff's counsel's information on file.

17. Sydney verified Plaintiff's counsel's information and then, despite knowing Plaintiff to be represented by counsel, still asked if Defendant could contact Plaintiff without his attorney's consent.

18. Concerned with having had his rights violated, Plaintiff reached out to counsel regarding this matter.

## DAMAGES

19. The conundrum created by the language used Defendant's representative caused Plaintiff decision making process regarding the subject debt to be impacted.

20. By Defendant attempting to circumvent Plaintiff's counsel, Plaintiff was at risk of his statutory rights being by-passed.

21. Furthermore, by Defendant evading the statutorily required protective language of 15 U.S.C. § 1692e(11), Plaintiff's rights were violated.

22. Concerned with Defendant's abusive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Defendant's Violations of 15 U.S.C. § 1692

23. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

    a. **Violation(s) of 15 U.S.C. § 1692c**

24. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consent to direct communication with the consumer.
> 15 U.S.C. § 1692c(a).

25. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff when it knew that Plaintiff was represented by counsel.

26. To add insult to injury, even after verifying that Plaintiff was represented by counsel, Defendant's representative asked if Defendant could continue to contact Plaintiff directly going forward.

### b. Violations of 15 U.S.C. § 1692e(11)

27. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, *if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose*, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.
>
> 15 U.S.C. § 1692e(11), emphasis added.

28. Defendant violated 15 U.S.C. § 1692e(11) because Defendant's representative,

4

Sydney, failed to identify Defendant as a debt collector as required by the express language of the FDCPA.

**WHEREFORE**, Plaintiff RADLEY BRADFORD, requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §1692c and e;

B.     an order enjoining Defendant from further violation(s) of 15 U.S.C. §1692 c and e;

C.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

E.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F.     an award of such other relief as this Court deems just and proper.

## COUNT II

### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

29.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30.     Section 392.304(a) of the Texas Finance Code states:

> Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
> (5) in the case of a third-party debt collection, failing to disclose, except in a formal pleading made in connection with a legal action:
>     (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or
>     (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor
>            Tex Fin. Code Ann. §392.304(a)

31.     Defendant violated Tex. Fin. Code Ann. § 392.304(a)(5)(A) by failing to disclose

this language in the telephone call with Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.304(a)(5);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.304(a)(5);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: March 31, 2021                    Respectfully submitted,

**RADLEY BRADFORD**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com